```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Joshua Copenhaver Nelson,

     Plaintiff,

  v.                              Case NO. 2:12-cv-1167

Wanza Jackson, et al.,

     Defendants.

ORDER

    This matter is before the court for consideration of the report and recommendation of the magistrate judge filed on January 17, 2014. The magistrate judge recommended that plaintiff's motion for summary judgment be denied, and that plaintiff's claims for injunctive relief be dismissed as moot due to plaintiff's transfer to another institution. On January 23, 2014, plaintiff timely filed objections to the report and recommendation under Federal Rule of Civil Procedure 72(b). Defendants filed a response to plaintiff's objections on February 6, 2014.

    If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

    The claims remaining in this case include: (1) claims for monetary damages against defendants Wanza Jackson, William Gallaer and Steven Cahill in their individual capacities under the Equal

Protection Clause and 42 U.S.C. §§1985, 1988 and 2000d, alleging that Jewish inmates were not served the same variety of fruits and vegetables as non-Jewish inmates; (2) claims for monetary damages under the First and Eight Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc ("RLUIPA") against Gallaer and Jackson in their individual capacities based on plaintiff's allegations that he was served meat and dairy together at the same meal and was required to cook his meal on the Sabbath, in violation of the Jewish religion; (3) claims for monetary damages under the First and Eight Amendment and RLUIPA against Cahill in his individual capacity based on allegations that plaintiff was required to cook his meal on the Sabbath; and (4) claims against defendants in their official capacities for prospective injunctive relief.  Plaintiff's motion for summary judgment did not address his claims under §§1985, 1988 and 2000d.

The magistrate judge recommended that plaintiff's claims for prospective injunctive relief be dismissed as moot due to plaintiff's transfer from London Correctional Institution to Marion Correctional Institution.  No party has objected to this recommendation, and the court agrees with this recommendation.

In regard to plaintiff's equal protection claim, the magistrate judge noted that the record included affidavits stating that Jewish inmates were provided the same variety of fruit as other inmates, and that plaintiff was not served apples exclusively.  The magistrate judge further noted that plaintiff had pointed to no evidence in the record to support his conclusory allegation that he was treated differently.  The magistrate judge recommended that plaintiff's motion for summary judgment on his

2

equal protection claim be denied.  No party has objected to this recommendation, and the court agrees with the recommendation.

The magistrate judge next addressed plaintiff's claims under the First Amendment and RLUIPA.  Those claims concern plaintiff's allegations that he was served dairy and meat in the same meal, and was required to heat his precooked Kosher meal in a microwave oven on the Sabbath.  In his objections to the magistrate judge's discussion of these claims, plaintiff argues that the affidavit of Vickey Justus, an assistant to the warden, authenticating the commissary records of plaintiff's purchases, which allegedly included non-Kosher items, should not be considered because Justus was not shown to be the custodian of the commissary records.  Plaintiff further disputes Justus's statement that the only Kosher item sold at the commissary was a pasta meal.  Plaintiff also contends that, contrary to statements in affidavits submitted by defendants, he was not employed by Food Services at London in December, 2012.  However, in his objections, plaintiff agreed that his claims regarding the serving of meat and dairy in the same meal and using the microwave "require additional proceedings to establish a more complete record" and that "summary judgment on these claims would not be appropriate at this time."  Doc. 83, p. 2.  Thus, plaintiff's objections to these claims are moot, and the court need not address the issue of whether the Justus affidavit was proper.  This court agrees with the recommendation of the magistrate judge that plaintiff's motion for summary judgment should be denied as to plaintiff's First Amendment and RLUIPA

3

claims.[1]

In regard to plaintiff's claim under the Eighth Amendment, the magistrate judge noted that this claim was based on plaintiff's allegations that defendants' failure to provide him with proper Kosher meals caused him to lose weight, thereby jeopardizing his health. Plaintiff asserted that from the date of his transfer to London Correctional Institution in August of 2012 to March 19, 2013, he lost sixty-two pounds. Plaintiff claims that on March 19, 2013, he weighed one hundred and ninety-two pounds, and he argues that the defendants have presented no evidence to the contrary. Defendants claim that plaintiff weighed two hundred and twenty-two pounds on that date. Defendants state that they have submitted for filing an amended affidavit of Robin Murphy which corrects a typographical error and establishes plaintiff's weight at the higher amount. The court concludes that the magistrate judge correctly found that genuine issues of fact remain as to this claim, precluding an award of summary judgment on plaintiff's Eighth Amendment claim.[2]

The court has reviewed the report and recommendation and plaintiff's objections in accordance with 28 U.S.C. §636(b)(1) and Rule 72(b) and concludes that plaintiff's objections (Doc. 83) lack merit. The court adopts the report and recommendation (Doc. 81) and plaintiff's motion for summary judgment (Doc. 42) is denied.

---

[1] Defendants urge this court to hold that RLUIPA bars a claim for damages against defendants in their individual and official capacities. This issue would best be brought before this court in a motion for summary judgment filed by defendants.

[2] In their response to the report and recommendation, defendants invite this court to "find that Plaintiff weighed 222 pounds on March 10, 2013." Doc. 85, p. 3. However, fact-finding is not the role of this court in summary judgment proceedings.

Plaintiff's claims for injunctive relief are dismissed as moot.

It is so ordered.


Date: February 13, 2014                s/James L. Graham
                                James L. Graham
                                United States District Judge