IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSHUA COPENHAVER NELSON,**

        **Plaintiff,**

  vs.                                    **Civil Action 2:12-cv-1167**
                                          **Judge Graham**
                                          **Magistrate Judge King**

**WANZA JACKSON,** *et al.*,

        **Defendants.**

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate currently incarcerated at the Marion Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 on December 19, 2012, asserting several federal claims. On August 19, 2014, the undersigned recommended that summary judgment be granted in favor of the defendants on all of plaintiff's claims. *See Report and Recommendation*, ECF 97.  The parties were specifically advised that failure to object to the *Report and Recommendation* within fourteen days "will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*." *Id*. at 35. The record reflects that plaintiff received a copy of the *Report and Recommendation* on approximately August 25, 2014.  ECF 98.  No objections to the *Report and Recommendation* were filed within the applicable time period.  On September 18, 2014 – *i.e.*, almost two (2) weeks after objections were due – the assigned District Judge adopted the *Report and Recommendation* and directed the Clerk to enter judgment in favor of the defendants on all of plaintiff's claims. *Order*, ECF

1

99.  *See also Judgment*, ECF 100.

On October 3, 2014, plaintiff filed a notice of appeal, ECF 102, and, upon motion, ECF 103, was granted leave to proceed on appeal *in forma pauperis.  Order*, ECF 104.  On the same day, plaintiff also filed a *Motion to Amend and Relief from Judgment*, ECF 101 ("*Motion*"), pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Defendants have not responded to plaintiff's *Motion*.

In light of the pendency of plaintiff's appeal, this Court no longer has jurisdiction over the issues presented by plaintiff's motion.  *See Pickens v. Howes,* 549 F.3d 377, 383 (6th Cir. 2008)("Once divested of jurisdiction, the district court may 'aid the appellate process' but may not independently grant a Rule 60(b) motion").  Even if the matter were remanded to this Court for consideration of the *Motion, see Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356 (6th Cir. 2001), it is recommended that the *Motion* be denied.

Rule 59(e) requires that "[a] motion to alter or amend a judgment . . . be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  A court may grant a motion to amend or alter a judgment if there exists "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2012).  "A plaintiff cannot use a Rule 59 motion . . . to raise arguments which could, and should, have been made before judgment issued." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)

(internal quotation marks omitted).  Therefore, "[i]f the movant simply regurgitates arguments previously presented or presents arguments which originally could have been argued, then the movant's proper recourse is an appeal to the circuit court." *United States ex rel. Am. Textile Mfrs. Inst. v. The Limited, Inc.*, 179 F.R.D. 541, 547 n.9 (S.D. Ohio 1998).  Granting or denying a motion under Rule 59(e) falls within the district court's discretion.  *See*, *e.g.*, *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009).  However, "[a] motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources."  *Am. Textile Mfrs. Inst.*, 179 F.R.D. at 547.

> Rule 60 provides in pertinent part as follows:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiff, as the movant, bears the burden of proving his entitlement to relief under Rule 60(b) by clear and convincing evidence.  *See*, *e.g.*, *Info-Hold, Inc. v. Sound Merch.*,

*Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).  "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  *Charter Twp. of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (quotations and citations omitted).  The trial court enjoys broad discretion in deciding whether to grant or deny a motion under Rule 60(b).  *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

    In the case presently before the Court, plaintiff avers that he was unable to file timely objections to the *Report and Recommendation* because of health reasons and limited access to the law library. *Affidavit in Support of Motion to Amend and Relief from Judgment*, ¶¶ 5-9 ("*Affidavit*"), attached to *Motion*.  While this Court accepts as true plaintiff's representations in this regard, he fails to identify any grounds for relief under either Rule 59(e) or 60(b).  Instead, plaintiff generally "believes there exists a justiciable claim requiring his objections to be heard and presented to this court." *Motion*, p. 1.  Plaintiff also vaguely asserts that "[t]here are several areas for Objection to the Report and Recommendation." *Affidavit*, ¶ 4.  However, conclusory beliefs and vague assertions do not persuade this Court that plaintiff is entitled to the extraordinary remedy under Rule 59(e) or that he has established his right to relief under Rule 60(b) by clear and convincing evidence. *See Info-Hold, Inc.*, 538 F.3d at 454; *Am. Textile Mfrs. Inst.*, 179 F.R.D. at 547.  Accordingly, the Court's discretion is best exercised

4

in denying the *Motion* under Rules 56(e) and 60(b).  *See*, *e.g.*, *Wilson v. Booker*, No. 09-1851, 2009 U.S. App. LEXIS 29460, at *3-4 (6th Cir. Nov. 17, 2009) (finding that habeas petitioner did not establish any of the enumerated grounds for relief under Rule 60(b) where he did "not identify any factual or legal basis justifying reconsideration of the district court's order"); *Reid v. City of Flint*, No. 02-2101, 103 Fed. Appx. 607, at *609 (6th Cir. June 25, 2004) (affirming denial of plaintiff's Rule 60(b) motion where he offers only conclusory allegations); *Bonner v. Rechtzigel*, No. 10-15069, 2011 U.S. Dist. LEXIS 60027, at *4-5 (E.D. Mich. June 6, 2011) (denying Rule 59(e) motion where, *inter alia*, plaintiff offers only conclusory statements); *Scott v. Fed. Bureau of Prisons*, 2007 U.S. Dist. LEXIS 32513, at *9 (E.D. Ky. May 1, 2007) (denying Rule 59(e) motion based on "sweeping, conclusory allegations").

**WHEREUPON**, should the matter be remanded to this Court for consideration of plaintiff's *Motion to Amend and Relief from Judgment*, ECF 101, it is **RECOMMENDED** that the *Motion* be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 29, 2014                                                  *s/Norah McCann King*
                                                                                          Norah McCann King
                                                      United States Magistrate Judge